CANADY, J.,
dissenting.
I agree with the majority “that an amendment asserting a new cause of action can relate back to the original pleading [when] the claim arises but of the same conduct, transaction, or occurrence as the original.” Majority op. at 820. But I disagree with the majority’s conclusion that the decision on review transgresses this rule. Because the result reached by the Third District is consistent with the rule in the supposed conflict cases on which the majority relies,' I would dischargé this case. I therefore dissent.
The majority tellingly relates that— fourteen years after suit was first filed— “[a]t the 2008 trial, Petitioner, for the first time, claimed that settlement conversations between him and Enrique were actually oral agreements whereby Enrique was to pay $5 million to Petitioner in exchange for Petitioner’s interest in certain business entities.” Majority op. at 814. Following the declaration of a mistrial, the Petitioner filed an amended ' complaint alleging a claim based on these new facts. The district court correctly concluded that , under Florida Rule of Civil Procedure 1.190(c) this new claim did not relate back to the filing of the original complaint and therefore was barred by the statute of limitations.
Under the relation-back rule, a plaintiff may plead new causes of action based on the basic factual narrative previously alleged. But a plaintiff is not entitled to allege new core facts. A plaintiff may supplement—with related, facts and new causes of action—the original narrative, but may not bring forth a new narrative. A claim predicated on such a new narrative is not a claim that “arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in. the original pleáding” and therefore does not relate back to the filing of the original complaint. Fla. R. Civ. P, 1.190(c).
To accept the Petitioner’s position requires that the rule’s reference to claims arising from the “conduct, transaction, or occurrence” that was originally alleged be understood to encompass every factual allegation related to the contemporaneous business interactions of a plaintiff and defendant. Under this viéw, a plaintiff who had originally claimed that the defendant had failed to pay for' an automobile purchased from the plaintiff would be permitted—after the statute of limitations hald run—to make a claim based on the alleged failure of the defendant to pay for a horse purchased from the plaintiff. This seriously distorts the rule and would turn litigation into a quest by the plaintiff to find some new winning narrative whenever the original narrative threatens to fail.
Here, the claims previously' pleaded by the Petitioner related to unpaid obligations arising from alleged loan transactions as *821 well as harm suffered by the Petitioner as an investor in certain business entities. The claim that the Third District concluded was barred by the statute of limitations was based on allegations that Enrique had breached an oral agreement to purchase the Petitioner’s interest in certain business entities. A transaction involving a promise to purchase an interest in business entities is entirely distinct from a loan transaction or an occurrence involving harm to a claimant as an investor. The transaction involving the alleged promise to purchase an interest in certain business entities thus did not arise from the same “conduct, transaction, or occurrence” set forth in the original complaint.
So the result reached by the Third District was correct. Admittedly, the Third District erred in making the unqualified statement that “[t]o relate , back, the [amended] pleading must not state a new cause of action.” Kopel v. Kopel, 117 So.3d 1147, 1152 (Fla. 3d DCA 2013). But the court also emphasized the totally distinct core factual allegations underlying the new cause of action in the amended complaint. In these circumstances, the case should be discharged.
POLSTON, J., concurs.